IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SUNTRUST BANKS, INC.,

    Plaintiff,

v.                                              Civil Action No. 2:09cv197

M.G. ROBERTSON, TRUSTEE
OF THE ROBERTSON CHARITABLE
REMAINDER UNITRUST,
and
CENCO, INC.,

    Defendants.

## **ANSWER**

NOW COMES Defendant, CENCO, Inc., ("CENCO"), by counsel, and for its Answer to Plaintiff Suntrust Banks, Inc.'s ("Suntrust") Complaint states as follows:

1. Defendant admits the allegations contained in Paragraph 1.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits that CENCO, Inc. is a Delaware Corporation. All other allegations contained in Paragraph 3 are denied.

4. Defendant denies the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

7. The allegations contained in Paragraph 7 are legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 7.

8. The allegations contained in Paragraph 8 are legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9 as written. Defendant admits that Crestar Bank issued a letter of credit and that the M.G. Robertson, Trustee of the Robertson Charitable Remainder Unitrust ("Unitrust") executed an Application and Agreement for Standby Irrevocable Letter of Credit which are both attached to the Complaint. All other allegations contained in Paragraph 9 are denied.

10. Defendant denies the allegations contained in Paragraph 10 as written. Defendant admits the Unitrust provided a negative pledge of assets and that Robertson was the sole trustee of the Unitrust. The negative pledge is contained within a document that speaks for itself and to which no response is required. All other allegations contained in Paragraph 10 are denied.

11. Defendant denies the allegations contained in Paragraph 11 as written. Defendant admits CENCO entered into a letter agreement with Golden West Refining Company which called for a letter of credit. The letter agreement is a document that speaks for itself and to which no response is required. All other allegations contained in Paragraph 11 are denied.

12. Defendant denies the allegations contained in Paragraph 12 as written. Defendant admits the Application and Agreement contains the language quoted in Paragraph 12. All other allegations contained in Paragraph 12 are denied.

13. Defendant admits the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant admits the allegations contained in Paragraph 15.

16. Defendant admits the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17 as written.  Defendant admits that the District Court entered final judgment in favor of Golden West Refining Company.  The Final Order is a document that speaks for itself and to which no response is required.  All other allegations contained in Paragraph 17 are denied.

18. Defendant admits the allegations contained in Paragraph 18.

19. Defendant lacks sufficient knowledge to form a belief regarding the allegations contained in Paragraph 19 and therefore denies same.

20. Defendant lacks sufficient knowledge to form a belief regarding the allegations contained in Paragraph 20 and therefore denies same.

21. Defendant lacks sufficient knowledge to form a belief regarding the allegations contained in Paragraph 21 and therefore denies same.

22. Defendant lacks sufficient knowledge to form a belief regarding the allegations contained in Paragraph 22 and therefore denies same.

23. Defendant lacks sufficient knowledge to form a belief regarding the allegations contained in Paragraph 23 and therefore denies same.

.   24. Defendant denies the allegations contained in Paragraph 24.

## COUNT I

### (Breach of Contract against the Robertson Trust)

25. As for Defendant's response to Paragraph 25, Defendant incorporates by reference its responses to Paragraphs 1-24 above.

26. The allegations contained in Paragraph 26 are legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 26.

27. The allegations contained in Paragraph 27 are legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 27.

29. Defendant denies the allegations contained in Paragraph 28.

## COUNT II

### (Unjust Enrichment against CENCO)

30. As for Defendant's response to Paragraph 30, Defendant incorporates by reference its responses to Paragraphs 1-29 above.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. The allegations contained in Paragraph 35 are legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 35.

36. With respect to the prayer for relief following Paragraph 35, Defendant denies Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from the Defendant.

37. Defendant specifically denies it committed any of the wrongful acts alleged in the Plaintiff's Complaint and that Plaintiff has suffered any injury, damage or loss.

38. Defendant denies any allegation not specifically admitted herein.

39. For all allegations contained in the Complaint Defendant has denied strict proof is demanded.

40. Defendant will or may rely upon the affirmative defense of estoppel.

41. Defendant will or may rely upon the affirmative defense of waiver.

42. Defendant will or may rely upon the defense that Plaintiff failed to mitigate its damages.

43. Defendant will or may rely upon the defense that Plaintiff's claims are barred by its own gross negligence.

44. Defendant will or may rely upon the defense that the Letter of Credit had expired, was cancelled, or was otherwise unenforceable.

45. Defendant will or may rely upon the affirmative defense of failure of consideration.

46. Defendant will or may rely upon the defense that the provisions of the Application and Agreement under which the Plaintiff sues are overly broad and unenforceable as a matter of law.

47.     Defendant will or may rely upon the defense that Plaintiff repudiated the Application and Agreement under which it sues.

WHEREFORE, Defendant CENCO, Inc., having fully answered Plaintiff's Complaint respectfully requests that this Court grant them the following relief: (a) that the Court enter judgment in favor of the Defendant and against Plaintiff on all causes of action set forth in Plaintiff's Complaint and that the Plaintiff's Complaint be dismissed with prejudice; and (b) that the Court grant Defendant such other and further relief as it deems just, equitable and proper.

CENCO, INC.

/s/
Glen A. Huff, Esq.
Virginia Bar No. 16272
Timothy M. Richardson, Esq.
Virginia Bar No. 30388
Alison R. Zizzo, Esq.
Virginia Bar No. 72844
Attorneys for CENCO, Inc.
HUFF, POOLE & MAHONEY, P.C.
4705 Columbus Street
Virginia Beach, Virginia 23462
Phone: (757) 499-1841; Fax: (757) 552-6016
E-mail: ghuff@hpmlaw.com, trichardson@hpmlaw.com
and azizzo@hpmlaw.com.

CERTIFICATE OF SERVICE

      I hereby certify that on December 10, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

      Robert Armistead Angle, Esq.  robert.angle@troutmansanders.com
      Troutman Sanders, LLP
      Troutman Sanders Bldg.
      1001 Haxall Point
      P.O. Box 1122
      Richmond, VA 23218-1122
      Phone: (804) 697-1246

      Jonathan Leigh Hauser, Esq.  jonathan.hauser@troutmansanders.com
      Troutman Sanders, LLP
      222 Central Park Avenue
      Suite 2000
      Virginia Beach, VA 23462
      Phone: (757) 587-7768

      /s/
      Glen A. Huff, Esq.
      Virginia Bar No. 16272
      Timothy M. Richardson, Esq.
      Virginia Bar No. 30388
      Alison R. Zizzo, Esq.
      Virginia Bar No. 72844
      Attorneys for CENCO, Inc.
      HUFF, POOLE & MAHONEY, P.C.
      4705 Columbus Street
      Virginia Beach, Virginia 23462
      Phone: (757) 499-1841; Fax: (757) 552-6016
      E-mail:ghuff@hpmlaw.com, trichardson@hpmlaw.com
      and azizzo@hpmlaw.com.