IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SUNTRUST BANKS, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: 2:09-cv-197-JBF-FBS |
| M.G. ROBERTSON, TRUSTEE OF THE ROBERTSON CHARITABLE REMAINDER UNITRUST, | |
| MARION G. ("PAT") ROBERTSON, | |
| and | |
| CENCO, INC., | |
| Defendants. | |

### FIRST AMENDED COMPLAINT

Plaintiff SunTrust Banks, Inc., by counsel, for its Complaint against Defendants M.G. Robertson, as Trustee of the Robertson Charitable Remainder Unitrust, Marion G. ("Pat") Robertson, in his personal capacity, and Cenco, Inc., states as follows:

### PARTIES AND JURISDICTION

1. SunTrust Banks, Inc. ("SunTrust" or the "Bank") is a Georgia Corporation with its principal place of business located at 25 Park Place, Atlanta, Georgia 30303.

2. M.G. Robertson, Trustee of the Robertson Charitable Remainder Unitrust (the "Robertson Trust"), is a citizen of the Commonwealth of Virginia and resides in this district. Upon information and belief, Robertson is the sole Trustee of the Robertson Trust.

3. Marion G. ("Pat") Robertson is a citizen of the Commonwealth of Virginia and resides in this district.

4. Upon information and belief, CENCO, Inc. ("CENCO") is a Delaware corporation with its principal place of business at 977 Centerville Turnpike, SHB 202, Virginia Beach, Virginia 23463. Upon information and belief, Robertson is a director and the sole board member of CENCO.

5. Upon information and belief, the Robertson Trust is the sole shareholder of CENCO, and CENCO is controlled by Robertson, the Trustee of the Robertson Trust.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the matter involves citizens of different states.

7. The Court has personal jurisdiction over the Robertson Trust by virtue of the citizenship of Robertson, the sole Trustee of the Robertson Trust, in the Commonwealth of Virginia and/or pursuant to Va. Code § 8.01-328.1.

8. The Court has personal jurisdiction over Robertson, individually, because he is a citizen of Virginia.

9. The Court has personal jurisdiction over CENCO its principal place of business in Commonwealth of Virginia and/or pursuant to Va. Code § 8.01-328.1.

10. Venue is proper pursuant to 28 U.S.C. § 1391(a) and Local Rule 3(C) because Robertson, the sole Trustee of the Robertson Trust, resides in this district and division, CENCO is located in this district and division, and a substantial part of the events giving rise to SunTrust's claims occurred in this judicial district and division.

## FACTS

11.   On May 21, 1998, SunTrust, through its predecessor-in-interest Crestar Bank, issued letter of credit Number 980521VA2138 in the amount of $5 million (the "Letter of Credit"), for the benefit of Golden West Refining Company, a California corporation ("Golden West"), based upon the Application and Agreement for Standby Irrevocable Letter of Credit (the "Application") by and between CENCO, the Robinson Trust, and SunTrust. A true copy of the Letter of Credit is attached hereto as Exhibit A, and a true copy of the Application is attached hereto as Exhibit B.

12.   The Robertson Trust's reimbursement obligations under the Application and CENCO's reimbursement obligation under the Letter of Credit were secured by a negative pledge of assets maintained in the Robertson Trust, as memorialized by a Negative Pledge Agreement dated December 30, 1998. A true copy of the Negative Pledge Agreement is attached hereto as Exhibit C. At the time that the Letter of Credit was issued, the Robertson Trust was estimated to hold marketable securities worth nearly $100 million. Robertson, the sole Trustee of the Robertson Trust, controlled both CENCO and the Robertson Trust.

13.   The Letter of Credit was procured by Robertson to further CENCO's purchase of a defunct oil refinery in California from Golden West. Specifically, the Letter of Credit supported CENCO's agreement to guaranty and indemnify Golden West with respect to certain potential obligations relating to the oil refinery.

14.   Pursuant to the terms of the Application, Robertson as Trustee for the Robertson Trust agreed to:

> indemnify and hold the Bank harmless from and against any and all (a) loss, damage, liability or expense by reason of any act or omission pursuant to its instructions or otherwise arising from or in connection with the Letter of Credit, and the occurrence of any one

> or more of the contingencies listed in paragraph 8 hereof [relating to the Bank's liabilities and responsibilities] shall not affect or impair the Bank's rights and powers under this Agreement or the Applicant's obligation to reimburse the Bank under this Agreement, or any other action taken by the Bank in connection with the Letter of Credit other than loss or damage resulting from the Bank's gross negligence or willful misconduct; and (b) costs and expenses, whether suit be brought or not, including reasonable attorneys' fees, court and collection costs of all claims or legal proceedings arising out of the Bank's issuance of the Letter of Credit or incident to the collection of amounts owed by the Applicant or the enforcement of the Bank's rights under this Agreement, including, without limitation, legal proceedings relating to any court order, injunction, or other process or decree restraining or seeking to restrain the Bank from paying any amount under the Letter of Credit.

15. On or about January 12, 2005, Golden West demanded that CENCO honor its guaranty and indemnification obligations to Golden West.

16. CENCO refused to honor its guaranty and indemnification obligations and, as a result, Golden West attempted to draw upon the Letter of Credit with SunTrust.

17. On or about February 8, 2005, SunTrust refused to honor the Letter of Credit on the ground that it had been cancelled and/or expired.

18. On March 1, 2005, Golden West brought suit against SunTrust in the United States District Court for the Central District of California (the "District Court") seeking to enforce and collect upon the Letter of Credit.

19. On July 6, 2006, the District Court rejected SunTrust's defenses to enforcement of the Letter of Credit and entered final judgment in favor of Golden West on its claims relating to the Letter of Credit in the total amount of $2,444,559.00 (the "Final Judgment").

20. SunTrust appealed the Final Judgment to the United States Court of Appeals for the Ninth Circuit (the "Court of Appeals"). On August 18, 2008, the Court of Appeals affirmed the Final Judgment of the District Court.

21. Following the Court of Appeals' affirmation of the final Judgment of the District Court, SunTrust satisfied the Final Judgment on September 11, 2008, by paying Golden West $2,444,559.00, plus interest, costs and fees of $65,645.80, for a total amount of $2,510,204.84 (the "Judgment Satisfaction Amount").

22. In addition to payment of the Judgment Satisfaction Amount, SunTrust incurred costs, expenses and fees, including but not limited to, reasonable attorneys' fees, in defending against Golden West's claims totaling $694,185.32. Thus, SunTrust's total litigation-related losses (the "Golden West Litigation Losses") arising from and/or related to the Letter of Credit was $3,204,390.16.

23. In addition, the Robertson Trust has failed to pay (i) annual commissions for renewal of the Letter of Credit as required by the Application now totaling at least $114,166.67, and (ii) the current-year renewal commission for the Letter of Credit of at least $30,264.58

24. In addition, the Robertson Trust owes interest on all of the foregoing amounts under the Application and the Letter of Credit, which interest has been accruing since September 11, 2008, at a rate equal to the Bank's Prime Rate plus 2%, which equaled six and one half percent (6.5%) between September 11, 2008 and October 29, 2008, six percent (6%) between October 30, 2008, and December 16, 2008, and five and one quarter percent (5.25%) from December 17, 2008, through the present, for a total accrued interest of at least $116,969.26 as of April 22, 2008, and continuing to accrue at the rate of at least $483.96 per day from April 23, 2008, until paid.

25. In addition, under the Application, the Robertson Trust owes a late charge equal to five percent (5%) of any amount more than 15 days past due, including the litigation-related losses arising from and/or related to the Letter of Credit ($3,204,390.16), the annual

commissions for renewal of the Letter of Credit (at least $114,166.67), and the current-year renewal commission for the Letter of Credit (at least $30,264.58), for a total late charge amount of at least $167,441.07.

26. SunTrust has made demand upon the Robertson Trust, Robertson and CENCO for full repayment of the Golden West Litigation Losses and other losses sustained by SunTrust, which losses benefited and enriched CENCO by satisfying CENCO's guaranty and indemnity obligations to Golden West. However, the Robertson Trust, Robertson and CENCO have failed to repay SunTrust for any of the losses it sustained.

## COUNT I
### (Breach of Contract against the Robertson Trust and Robertson)

27. The allegations contained in paragraphs 1 through 26 are incorporated herein by reference.

28. The Application and the Letter of Credit are valid and enforceable contracts, and SunTrust has fully performed its obligations thereunder.

29. Pursuant to the Application, the Robertson Trust has an obligation to indemnify and hold SunTrust harmless against any loss, damage, liability or expense arising from or in connection with the Letter of Credit.

30. Despite demand, the Robertson Trust has failed to indemnify and hold SunTrust harmless against the Golden West Litigation Losses and other losses it sustained, in breach of its obligations under the Application.

31. Robertson caused the Robertson Trust to undertake the obligations of the Application, and Robertson has caused, and is personally at fault for, the Robertson Trust's failure to comply with its obligations under the Application.

32. As a result of the Robertson Trust's breach of the Application, SunTrust has been damaged in the total amount of at least $3,633,231.74 plus interest accruing at the rate of at least $483.96 per day from April 23, 2008, until paid.

## COUNT II
### (Unjust Enrichment against CENCO)

33. The allegations contained in paragraphs 1 through 32 are incorporated herein by reference.

34. By its satisfaction of the Final Judgment, SunTrust conferred a benefit upon CENCO and relieved it of its guaranty and indemnification obligations to Golden West.

35. SunTrust conferred this benefit upon CENCO with the expectation of being indemnified and held harmless against any loss, damage, liability or expense arising from or in connection with the Letter of Credit.

36. CENCO accepted the benefit of SunTrust's satisfaction of the Final Judgment and CENCO's guaranty and indemnity obligations to Golden West without indemnifying or holding SunTrust harmless for the Golden West Litigation Losses and other losses it sustained arising from and/or in connection with the Letter of Credit.

37. CENCO is not entitled to the benefit it received from SunTrust, and CENCO will be unjustly enriched if it is allowed to retain the benefits it received through SunTrust's satisfaction of the Final Judgment and CENCO's guaranty and indemnity obligations to Golden West without indemnifying or holding SunTrust harmless for its losses.

38. It would be inequitable for CENCO to retain the benefits it received through SunTrust's satisfaction of the Final Judgment and CENCO's guaranty and indemnity obligations to Golden West without indemnifying or holding SunTrust harmless for its losses.

## COUNT III
### (Breach of Contract against the Robertson Trust and Robertson)

39. The allegations contained in paragraphs 1 through 38 are incorporated herein by reference.

40. The Robertson Trust's obligations under the Application and CENCO's reimbursement obligations under the Letter of Credit are secured by the Negative Pledge Agreement executed by Robertson as Trustee for the Robertson Trust on or about December 30, 1998.

41. Pursuant to the Negative Pledge Agreement, Robertson as Trustee for the Robertson Trust agreed that:

> In consideration of an extension of credit evidenced by ... a $5,000,000 letter of credit that ha[s] previously been issued on behalf of ... CENCO, Inc. dba Creative Energy Company ... [and] issued on behalf of the Robertson Charitable Remainder Unitrust, the undersigned [Trustee] acknowledges that the Robertson Charitable Remainder Unitrust has a portfolio of liquid assets with an approximate market value of $64,000,000 (as of 9/30/98) and agrees that the Trust will preserve free of lien or other encumbrances $11,428,571 of these liquid assets (or the equivalent amount in cash or money market funds) until this agreement is rescinded or modified in writing by Crestar Bank.

*See* Exhibit C.

42. Neither Crestar Bank, nor its successor-in-interest SunTrust, ever rescinded or modified in writing the Negative Pledge Agreement or otherwise relieved the Robertson Trust of its obligations under the Negative Pledge Agreement.

43. SunTrust remains obligated under the Letter of Credit and continues to have potential for liability thereunder. SunTrust continues to look to the Negative Pledge Agreement to secure the Letter of Credit.

44. At a meeting on or about September 25, 2008, Robertson informed SunTrust representatives that the Robertson Trust was not preserving $11,428,571 in liquid assets free of liens or other encumbrances, as required by the Negative Pledge Agreement, and that the Robertson Trust would not do so in the future. Further, Robertson refused to use any of the assets of the Robertson Trust to satisfy the Robertson Trust's obligations to SunTrust under the Application and Letter of Credit with respect to the Golden West Litigation Losses and other losses SunTrust sustained.

45. The Robertson Trust's failure to maintain $11,428,571 in liquid assets free of liens or other encumbrances is a breach of the Negative Pledge Agreement.

46. Robertson caused the Robertson Trust to undertake the obligations of the Negative Pledge Agreement and Robertson has caused, and is personally at fault for, the Robertson Trust's failure to comply with its obligations under the Negative Pledge Agreement.

47. As a result of the Robertson Trust's breach of the Negative Pledge Agreement, SunTrust has been damaged by its inability to recover the Golden West Litigation Losses and other losses it sustained, and SunTrust is continuing to be damaged by the Robertson Trust's and Robertson's failure and refusal to preserve $11,428,571 in liquid assets free of liens or other encumbrances to secure any future liability SunTrust may have under the Letter of Credit.

**WHEREFORE**, Plaintiff SunTrust Banks, Inc., respectfully moves this Honorable Court to:

(A) Enter judgment in its favor and against Defendants M.G. Robertson, as Trustee of the Robertson Charitable Remainder Unitrust, Marion G. ("Pat") Robertson, in his personal capacity, and Cenco, Inc., jointly and severally, in the amount of at least $3,633,231.74, plus

interest accruing at the rate of $483.96 per day from April 23, 2008, plus the attorneys' fees and costs incurred herein;

(B) Enter an Order requiring Robertson, as Trustee of the Robertson Trust, to provide an accounting of the assets maintained by the Robertson Trust during the period December 30, 1998, through the present; and

(C) Enter an Order requiring the Robertson Trust and Robertson, in his personal capacity, jointly and severally, to preserve $11,428,571 in liquid assets free of liens or other encumbrances, as required by the Negative Pledge Agreement, until such time as the Letter of Credit is terminated or SunTrust rescinds or modifies the Negative Pledge Agreement in writing; and

(D) Award such further and other relief as the Court deems appropriate to afford it full and complete justice.

**SUNTRUST BANKS, INC.**

By: _____/s/ Robert A. Angle_____
    Of Counsel

Jonathan L. Hauser, VSB No. 18688
jonathan.hauser@troutmansanders.com
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
(757) 687-7768
(757) 687-1505 – Fax

Robert A. Angle, VSB No. 37691
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
Post Office Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
(804) 697-1339 – Fax

*Counsel to SunTrust Banks, Inc.*